NO. 07-01-0442-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 31, 2002

_____

CYNTHIA DIANE KNIERIM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTER COUNTY;

NO. 38825-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

On October 17, 2001, a copy of a Notice of Appeal in cause No. 38825-A in the 47th District Court of Potter County, Texas (the trial court), was filed with the clerk of this court (the appellate clerk). The document filed gives notice that Cynthia Diane Knierim, appellant, desires to appeal from a conviction and sentence in such court and cause number. No docketing statement has been filed as to such matter.

On February 5, 2002, the District Clerk of Potter County (the trial court clerk) advised that the clerk's record had not been paid for, the clerk had not received an affidavit of indigency from appellant, and appellant's attorney had not made arrangements to pay for the record. The clerk's record has not been filed. The appellate clerk's record reflects no other action by any party to the appeal to prosecute the appeal.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent; (3) if appellant desires to prosecute this appeal, whether appellant is entitled to have the clerk's record furnished without charge; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk's record will be promptly filed and that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced or that an attorney should be appointed to represent her on appeal, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a clerk's record on remand; (3) cause the hearing proceedings to be

transcribed and included in a reporter's record; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the clerk's record on remand, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than July 29, 2002.

Per Curiam

Do not publish.

3